O. G. HEMPSTEAD & SON v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. May 29, 1903.)

No. 72.

**1. Customs Duties—Borate of Manganese.**

Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 11 [U. S. Comp. St. 1901, p. 1627], fixes a rate of 3 cents per pound, ad valorem, on importations of "borates of lime or soda, or other borate material not otherwise provided for, containing not more than 36 per cent. of anhydrous boric acid." *Held*, that the words "borate material," as used in such section, were not limited to material from which borates may be produced, but included, as well, borates of any other substance, and hence borate of manganese, a manufactured product containing from 4 to 20 per cent. of manganese, and from 10 to 30 per cent. anhydrous boric acid, was taxable under such section, and not under section 1, Schedule A, par. 3 [U. S. Comp. St. 1901, p. 1627], imposing a rate of 25 per cent ad valorem on all chemical compounds and salts not specially provided for.

Appeal from a decision (G. A. 5155) of the Board of General Appraisers.

William A. Keener, for plaintiff.

Wm. M. Stewart, Jr., and James B. Holland, for defendant.

J. B. McPHERSON, District Judge. It is agreed by the parties to this appeal that the following facts have been established by the testimony: The merchandise in question is borate of manganese, and is known by the trade as such. It is not found in nature, but is a manufactured product, derived from borate of lime, or borate of soda, and manganese. It is a compound of boracic acid and manganese. The several importations in question contain from 4 to 20 per cent. of manganese, and from 10 to 30 per cent. of anhydrous boracic acid. The market price of manganese is 4 cents a pound, and the market price of anhydrous boracic acid is 16 cents a pound. Borate of manganese is extensively used in the manufacture of varnishes, where a light-colored varnish is desired, and its only practical use is in such manufacture. The manganese acts as a dryer; the boracic acid having apparently no effect, except as a vehicle for the manganese. The importers contend that the duty should be imposed under paragraph 3, Schedule A, § 1, of the act of 1897 [U. S. Comp. St. 1901, p. 1627], which provides for a rate of 25 per cent. ad valorem upon "all chemical compounds and salts not specially provided for;" the collector and the board of appraisers having imposed the duty under paragraph 11, Schedule A, § 1 [U. S. Comp. St. 1901, p. 1627], which fixes a rate of 3 cents a pound upon "borates of lime or soda, or other borate material not otherwise provided for, containing not more than 36 per cent. of anhydrous boracic acid." The importers' argument is that "borate material" means material from which borates may be produced—such, for example, as oxide of manganese—but, while the argument is ingenious, and not without force, I am unable to assent to it. It seems to me that the plain and obvious meaning of the phrase must be accepted, and that, used as it is in immediate connection with the words "borates of lime or soda," it must be held to mean borates of any other substance. The fact that boracic acid cannot be produced

from borate of manganese with profit does not seem to me to control the interpretation of the phrase. Apparently, the purpose of the paragraph was to levy a duty upon all compounds of boracic acid, and, as the language is not ambiguous, I am bound to give it effect.

The decision of the board is affirmed.